WILLIAM W. CRAPO v. THE TOWNSHIP OF TROY.

*Public lands—Railroad grant—Swamp lands—United States patent.*

1. A United States patent is never conclusive, in any forum, in a case where it appears that the department from which it issued had at the time no jurisdiction to issue it; citing *Smelting Co. v. Kemp*, 104 U. S. 636; and such want of jurisdiction may be shown in an action of ejectment; citing *Webber v. Boom Co.*, 62 Mich. 626.

2. A land patent, issued by the United States under the swamp-land act after the approval by the Secretary of the Interior of the selection of said lands by a railroad company under a railroad land grant, and their exclusion from the list of lands designated as swamp lands and approved by that officer, is a nullity.

Error to Newaygo. (Palmer, J.) Submitted on briefs December 14, 1893. Decided February 6, 1894.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Edgar L. Gray,* for appellant.

*W. L. Webber,* for plaintiff.

MONTGOMERY, J. This is an action of ejectment. The plaintiff claims title to the land in question under an act of Congress approved June 3, 1856, which granted to the State of Michigan certain lands to aid in the construction of railroads within the State, such lands comprising alternate sections, designated by odd numbers, for six miles in width on each side of the roads, and which act provided further that, when the lines of the roads were definitely fixed, selection might be made from lands nearest to the tiers of sections above specified, of lands in alternate sections, equal in amount to such lands as the United States had previously sold or otherwise appropriated. This grant was followed by an acceptance by the State, by Act No. 126, Laws of 1857, by which act the Flint & Pere Marquette Railroad Company was vested with the right to the lands along the line of its road, when located. The line of road was approved in August, 1857, and the road completed as early as 1874. The company conveyed the land to the plaintiff August 23, 1879. The defendant claims title to the land by conveyance from the State of Michigan. It appears that the lands were patented to the State

by the United States on the 25th of July, 1862. The description was included with a large number of others. The grant purported to be under the so-called "Swamp-Land Act" of September 28, 1850.

The plaintiff recovered, and the defendant brings error, and insists—First, that the patent from the United States is conclusive that the lands were of the character included in the swamp-land grant; or, second, if not conclusive for all purposes and in all forums, that it must be held conclusive in an action at law, where the legal title only is involved, and that the effect of the conveyance was to invest the legal title in the defendant. On the other hand, it is contended by the plaintiff that upon the approval of the right of the railroad company, by the terms of the act of Congress and of the statute above referred to, title vested in the railroad company, and that any attempted subsequent conveyance to the State under the swamp-land act could not defeat the title of the company.

The selection was approved June 18, 1859, by the Secretary of the Interior, and prior to the issuance of the patent to the State under which the defendant claims. We think it is clear that upon this selection, whether the title of the railroad company was defeasible for any default on its part or not, a title or interest vested in the company to such lands described in the list as had not been sold or otherwise appropriated, and that as to such lands, after the approval of such list, they were no longer subject to sale by the federal government. See *Johnson v. Ballou,* 28 Mich. 379.

But a question of greater difficulty is whether, for the purpose of this case, it must be held that the lands in question had been otherwise appropriated. The act of September 28, 1850, entitled "An act to enable the state of Arkansas and other states to reclaim the swamp lands within their limits," has been recently considered by the

Court in the case of *Sherman v. A. P. Cook Co.*, 98 Mich. 61. It was there held, following the decisions of the Supreme Court of the United States, that this act amounted to a grant *in praesenti*, and that, when a patent was subsequently issued by the Department of the Interior for the lands listed, the act of the Department of the Interior, by relation, took effect as of the date of the grant; and such has been the holding of the Supreme Court of the United States in a long line of cases. See, also, *French v. Fyan*, 93 U. S. 169; *Wright v. Roseberry*, 121 Id. 506. In *French v. Fyan* it was held that the second section of the act of 1850 devolved upon the Secretary of the Interior the duty, and conferred on him the power, of determining what lands were of the description granted by that act, and made his office the tribunal whose decision on that subject was to be controlling, and that the action of the land office in issuing a patent for any of the public land subject to sale by pre-emption or otherwise is conclusive of the legal title; and this is undoubtedly the general rule of law. But a patent is never conclusive, in any forum, in a case where it appears that the department from which it issued had at the time no jurisdiction to issue it. *Smelting Co. v. Kemp*, 104 U. S. 636, 646, in which case it was said that a patent may be collaterally impeached in any action by showing that the department had no jurisdiction to dispose of the lands; that is, that the law did not provide for selling them, or that they had been reserved from sale, or dedicated to special purposes, or had been previously transferred to others.

In the case of *French v. Fyan* it did not appear that the land department had acted upon the question, and once determined that the lands were not swamp lands. In the present case it not only appears that the Secretary of the Interior, under date of June 18, 1859, approved the selection of the lands by the Flint & Pere Marquette Rail-

road Company, and thereby designated the lands as within the grant to the State to aid in the construction of that road, but it also appears that in the case of lands designated as swamp lands, and approved by the Secretary of the Interior under section 2 of the act of 1850, the lands in question were not included; so that there was not only a determination that the lands vested in the railroad company, but there was also a determination that they were not swamp lands. This vested the title in the railroad company, beyond the power of the department thereafter to divest it by the mere issue of a patent. *Johnson v. Ballou*, 28 Mich. 379. The department had no longer any jurisdiction to dispose of the lands, and that fact may be shown in an action of ejectment. See *Webber v. Boom Co.*, 62 Mich. 626.

The judgment will be affirmed, with costs.

The other Justices concurred.